IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRONSON KANEAIAKALA, #A1052859,<br><br>Petitioner,<br><br>vs.<br><br>MARTIN FRINK,<br><br>Respondent. | Civil No. 20-00409 JAO-KJM<br><br>ORDER DISMISSING PETITION WITH LEAVE TO AMEND |

**ORDER DISMISSING PETITION WITH LEAVE TO AMEND**

Before the Court is pro se Petitioner Bronson Kaneaiakala's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"). ECF No. 1. The Court has reviewed the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). Because the Petition fails to identify the relief requested, the Petition is DISMISSED with leave granted to amend.

**I. BACKGROUND**

Kaneaiakala was convicted in state court of burglary in the first degree in violation of Hawaiʻi Revised Statutes ("HRS") § 708-810(1)(c) in 2016, and he was sentenced to ten years' imprisonment. He appealed to the Intermediate Court of Appeals ("ICA") arguing, among other things, that a field show-up

identification by a witness should have been suppressed because it was impermissibly suggestive and unreliable.  *See State v. Kaneaiakala*, 141 Hawaiʻi 67, 404 P.3d 658 (table), No. CAAP-16-0000647, 2017 WL 5151443 (App. Nov. 7, 2017) (SDO).  Although the State stipulated that the field show-up was impermissibly suggestive, the ICA held that the witness's identification was sufficiently reliable to be presented to and considered by the jury.  *See id.* at *3.

The Supreme Court of Hawaiʻi affirmed Kaneaiakala's conviction on October 1, 2019.  *See State v. Kaneaiakala*, 145 Hawaiʻi 231, 450 P.3d 761 (2019).  The court held that, "pursuant to the . . . rule then in effect, the circuit court did not clearly err in concluding that [the witness'] identification was sufficiently reliable and thus admissible."  *Id.* at 770, 450 P.3d at 240.  The court proceeded to articulate a revised, prospectively applicable standard for evaluating the reliability of eyewitness identifications.  *See id.* at 771–79, 450 P.3d at 241–49.

On September 28, 2020, the Court received Kaneaiakala's Petition, which was drafted on the Court's blank form for § 2254 petitions.  Kaneaiakala asserts that use of the show-up identification violated the Due Process Clause of the Fifth[1] and Fourteenth Amendments of the United States Constitution.  ECF No. 1 at 5.

---

[1] As the Fifth Amendment's Due Process Clause "only applies to the federal government," *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) (citations omitted), to the extent Kaneaiakala raises a separate Fifth Amendment claim, it is foreclosed.

## II. DISCUSSION

The Court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). Habeas Rule 4 requires the Court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." And Habeas Rule 2(c) states that the petitioner must: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury.

Although Kaneaiakala complied with all of Habeas Rule 2(c)'s other requirements, he failed to "state the relief requested." The Court's blank Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody provides space for this information on page sixteen, which was not completed by Kaneaiakala. *See* ECF No. 1 at 16. Accordingly, the Petition must be DISMISSED with leave granted to amend to cure this deficiency.

//

//

//

//

## III.  CONCLUSION

(1)  The Petition is DISMISSED with leave granted to amend on or before **November 2, 2020**.  Failure to timely file an amended petition that cures the deficiency noted above may result in dismissal of this action without further notice.

(2)  The Clerk shall SEND Kaneaiakala a blank Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody so that he can comply with the instructions in this Order.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, October 2, 2020.



Jill A. Otake
United States District Judge